IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JUSTIN DOWNS # 526490,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) NO. 3:24-CV-01462 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| **CORE CIVIC,** *et al.*, | ) MAGISTRATE JUDGE |
| | ) NEWBERN |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Justin Downs, an inmate in the custody of the Trousdale Turner Correctional Complex ("TTCC") in Hartsville, Tennessee, has filed a pro se complaint, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also has filed several motions, which the Court will address after resolving the matter of the filing fee.

### I. FILING FEE

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 3). By prior Order, the Court notified Plaintiff that his IFP Application was deficient and instructed Plaintiff of the steps he needed to take to remedy the deficiencies. (Doc. No. 13). Plaintiff has now complied with the Court's instructions. (Doc. No. 16).

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 3) is **GRANTED**.

1

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the TTCC to ensure that the custodian of Plaintiff's inmate trust

account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION TO AMEND COMPLAINT

Plaintiff filed a Motion to Amend/Correct Complaint (Doc. No. 8) along with a proposed Amended Complaint (Doc. No. 8-1). The proposed Amended Complaint contains no new Defendants, only additional allegations offered in support of Plaintiff's claims. No Defendants have been served yet in this case.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Generally, courts have freely allowed amendment of pleadings barring substantial prejudice to the opposing party. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991). There being no prejudice to any opposing party at this stage of the litigation, Plaintiff's Motion (Doc. No. 8) is **GRANTED**.

## III. MOTION TO APPOINT COUNSEL

Plaintiff also has filed a Motion to Appoint Counsel. (Doc. No. 10). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.,* 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant

3

Case 3:24-cv-01462    Document 17    Filed 06/26/25    Page 3 of 6 PageID #: 165

is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his request for the appointment of counsel, Plaintiff states that he is indigent, he has very limited access to the law library due to his inmate classification, the issues in this case are complex, and his imprisonment "will greatly limit his ability to litigate." (Doc. No. 10 at PageID# 123). Plaintiff's circumstances are typical to most pro se prisoner plaintiffs. At this time, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, his Motion to Appoint Counsel (Doc. No. 10) is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request for counsel later, if appropriate.

## IV. MOTION TO PRODUCE DOCUMENTS/DISCOVERY

The motion docketed by the Clerk as a "Motion to Produce Documents/Discovery" (Doc. No. 12) is a Request for Production of Documents, a document to be served by Plaintiff on Defendants during discovery.

Discovery papers are not typically filed with the Court; the process proceeds between the parties unless there is a disagreement they cannot resolve. In any event, it is not time yet for discovery to commence as the Court has not conducted the required screening of this prisoner complaint. Accordingly, the motion (Doc. No. 12), to the extent that it is a motion, is **DENIED WITHOUT PREJUDICE**.

## V. MOTION TO CONSOLIDATE CASES

Finally, Plaintiff has filed a "Motion to Join Civil Action No. 3:25-cv-136 to Civil Action No. 3:24-cv-1462." (Doc. No. 11). Some background information is necessary to understanding Plaintiff's motion.

On December 2, 2024, Plaintiff filed a complaint against the same defendants as in the instant case in the Chancery Court for Trousdale County, Tennessee. (Doc. No. 7). On February 7, 2025, those defendants filed a Notice of Removal and removed the lawsuit from the Chancery Court for Trousdale County, Tennessee to this Court. (*Id*.) That case is Case No. 3:25-cv-136, also before the undersigned, and it remains pending.[1] Therein, Plaintiff brings claims based on the same August 2024 events as he does in the instant case against the same defendants.[2]

The two cases are "related cases" as contemplated by Administrative Order No. 176. They arise out of the same occurrence or series of occurrences; the cases involve common questions of law and fact; the relief sought in the cases could result in a party being subject to conflicting orders or judgments; substantial duplication of effort and expense by the Court and the parties could occur if different district judges presided over the cases; substantial savings of judicial time and resources could result if the cases were handled by the same district judge; and it is in the interest of justice, based on the totality of the circumstances, for the same district judge to president over both cases.

The undersigned finds that consolidation of the instant case and related Case No. 3:25-cv-136 is appropriate. Accordingly, Plaintiff's motion (Doc. No. 11) is **GRANTED**. This case will be consolidated for all purposes with Case No. 3:25-cv-136, the earlier filed case, and now the lead case.

In due course by separate order, the Court will conduct the screening required pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B) and Section 1915A. No additional action is required by Plaintiff at this time.

---

[1] Defendants CoreCivic and Vincent Vantell have answered the state-court complaint. (Doc. No. 9).

[2] The complaints allege claims of deliberate indifference to medical needs, due process, failure to protect, and excessive force under Section 1983.

Resources for pro se litigants are available free of charge on the Court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

## VI. CONCLUSION

All future filings shall be filed in the lead case, Case No. 3:25-cv-136, and shall include that case number on the filings.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE